IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LULA WESTBROOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-1735-L-BN |
| | § | |
| PAYPAL HOLDINGS, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This lawsuit is one of sixteen that Plaintiff Lula Westbrook filed on May 15, 2024 – each *pro se*, each absent a filing fee, and each with a motion requesting an "emergency" injunction. The Court referred this case to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the case for the reasons and to the extent set out below.

**Discussion**

Where a lawsuit is filed *in forma pauperis* – that is, without payment of the filing fee – 28 U.S.C. § 1915 requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is

on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

Through the complaint, Westbrook identifies the who being sued but fails to explain the why. That why is what is required to initiate the Court's inquiry into whether a claim is plausible. So the lack of factual content in the complaint prevents the Court from drawing a reasonable inference that any defendant is liable for any misconduct that Westbrook may claim.

The Court should therefore dismiss the complaint for failure to allege a claim on which relief may be granted.

The opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Westbrook an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Westbrook fails to show – through timely objections – a basis to amend, to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

### Recommendation

Unless Plaintiff Lula Westbrook shows through timely objections a basis to

amend the complaint to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 18, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE