IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LULU WESTBROOK,** | § | |
| Plaintiff, | § § § | |
| v. | § | Civil Action No. **3:24-CV-1735-L-BN** |
| **PAYPAL HOLDINGS, INC,** *et al.*, | § § § | |
| Defendants. | § § | |

## **ORDER**

On July 18, 2024, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered, recommending that the court, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss with prejudice this action by *pro se* Plaintiff Jennifer Whitehurst ("Plaintiff") and all claims asserted by her because, although she alleges who she is suing (Doc. 3) and seeks an "emergency" injunction (Doc. 4), her Complaint contains no factual allegations, only conclusory assertions.* The Report also notes that this lawsuit is one of sixteen filed by Plaintiff on May 15, 2024, and in each action, she is proceeding pro se without paying a filing fee and has requested an "emergency" injunction. Alternatively, the magistrate recommends that Plaintiff should be granted leave to amend if she explains in response to the Report how she would cure the deficiencies identified or files an amended complaint.  Plaintiff did neither.  No objections to the Report were filed by her, and the deadline for filing objections has expired.

---

* The totality of the allegations in Plaintiff's Complaint are as follows: "Matter Federal Question, claim abstract. Application against Plaintiffs ongoing violation of Defendant's Constitutional rights, Motion for Emergency Injunction, Emergency Relief, COVID relief, miscellaneous relief, transcript, include right to Due Process, FEE WAIVE, EMERGENCY EFILE, Emergency Advance, JURY DEMAND, original appointment of counsel request. Cause 42:1983 Civil Rights Act."  Compl. 1.

**Order – Page 1**

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, pursuant to § 1915(e)(2)(B)(ii), the court **dismisses with prejudice** this action and all claims asserted by Plaintiff; **denies** all relief sought by her, including her request for injunctive relief.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 12th day of September, 2024.

Sam A. Lindsay
United States District Judge